# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Highland Capital Management, L.P.[1] | § | Chapter 11 |
| | § | |
| Debtor. | § | Case No. 19-34054 (SGJ) |
| | § | |
| *In re James Dondero* | § | Adversary No. _____ |
| | § | |
| James Dondero, | § | *Removed from the 95th Judicial District* |
| | § | *Court of Dallas County, Texas* |
| Petitioner, | § | *Cause No. DC-21-09534* |
| | § | |
| v. | § | |
| | § | |
| Alvarez & Marsal CRF Management, LLC, | § | |
| and Farallon Capital Management, L.L.C., | § | |
| | § | |
| Respondents. | § | |

## NOTICE OF REMOVAL

Alvarez & Marsal CRF Management, LLC ("A&M") and Farallon Capital Management, L.L.C. ("Farallon") file this Notice of Removal of Cause No. DC-21-09534 ("State Court Action") from the 95th Judicial District Court of Dallas County, Texas to the U.S. Bankruptcy Court for the Northern District of Texas, Dallas Division.

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

The State Court Action, filed on July 22, 2021, alleges impropriety in the sale of claims held by several creditors of the Debtor, Highland Capital Management, L.P., in the bankruptcy case currently pending in this Court, No. 19-34054 (the "Highland Bankruptcy Case"). The petitioner in the State Court Action, James Dondero, is the former CEO of the Debtor, and claims to be an investor in some of the creditor entities that sold the claims. He alleges that the sale of claims contravened certain requirements of the Bankruptcy Court and—upon "information and belief"—that the Debtor's current CEO violated federal law in recommending that Farallon purchase the claims, and that A&M sold its claims "not pursuant to normal means." Ex. 1 ¶¶ 23–24 (Petition in State Court Action). The State Court Action seeks relief in the form of an "Order" requiring Respondents A&M and Farallon to sit for depositions and produce five broad categories of documents. *See id.* at 6–7. The State Court Action asserts that this relief is available as pre-suit discovery under Texas Rule of Civil Procedure 202.

Removal is appropriate, and this Court has jurisdiction, because the State Court Action relates to the Highland Bankruptcy Case in multiple respects: (i) it asserts that Debtor's current CEO, James Seery, unlawfully engineered the sale of creditors' claims against the Debtor to Farallon for the purpose of giving him "virtually unfettered discretion" to administer the Debtor, Ex. 1 ¶¶ 22–23; (ii) it alleges impropriety in failing to obtain this Court's approval of the sale of claims in this bankruptcy, *id.* ¶ 18; and (iii) it contravenes this Court's gatekeeper orders, which essentially forbid pursuing legal action against Seery and others related to the bankruptcy without this Court's approval, and require any such action to be adjudicated in this Court, *see* Mem. Opinion & Order Holding Certain Parties & Their Attorneys in Civil Contempt of Court for Violation of Bankruptcy Court Orders at 12–13, 26–27, *In re Highland Capital Mgmt., L.P.*, No. 19-34054, Dkt. 2660 (Aug. 3, 2021) ("August 2021 Contempt Order").

As explained below, Dondero's State Court Action is removable to this Court pursuant to 28 U.S.C. § 1452(a).

## BACKGROUND

1. The Debtor Highland Capital Management, L.P. ("Highland") filed for bankruptcy protection on October 16, 2019. That case was transferred to this Court and received case number 19-34054.

2. James Dondero "is the founder and former CEO of Highland," "an adviser and/or manager of several trusts who own the equity in Highland," and "an investor in the Highland Crusader Fund, Ltd. and several of its companion and affiliated funds (the 'Crusader Funds')." Ex. 1 ¶ 10.

3. A&M currently acts as investment manager of the Crusader Funds. The Crusader Funds held claims against the Debtor in the Highland Bankruptcy Case, which they sold to Jessup Holdings LLC ("Jessup") on April 30, 2021. Although the Petition alleges that Jessup is "a newly established limited liability company established by Farallon right before the sale," Ex. 1 ¶ 15, Jessup is, in fact, not related to Farallon.

4. Separately, Muck Holdings LLC ("Muck"), which is affiliated with Farallon, purchased claims against the Debtor from other creditors.

5. Dondero initiated the State Court Action at issue on July 22, 2021 with a filing styled "Verified Petition to Take Deposition Before Suit and Seek Documents." Ex. 1 at 1. The Petition alleges that James Seery, Highland's current CEO, violated the "Registered Investment Advisor Act 15 U.S.C. § 80b-1 et seq., among other things" in connection with Farallon's purchase of claims, supposedly because he had material non-public information at the time he supposedly recommended that Farallon purchase such claims. *Id.* ¶ 23. The Petition also alleges that "there is reason to doubt" that A&M sought or obtained the highest price for the sale of its claims, which

"would have injured Dondero as an investor in the Crusader Funds." *Id.* ¶ 24. Finally, the Petition contends that certain non-parties failed to "obtain[] Court approval to sell their respective claims." *Id.* ¶ 18. The State Court Action seeks "relief" in the form of an "Order" against A&M and Farallon (i) "authorizing Petitioner to take a pre-suit deposition of a designated representative, or representatives, of A&M, and to depose Michael Lin[n] [of Farallon]" on topics including the "sale of the Claims to Farallon" and "[a]ny discussions with James Seery regarding the Claims"; and (ii) "requir[ing] Respondents to produce the following documents," including "[a]ll communications with James Seery regarding the Claims" and "[a]ll communications regarding . . . seeking [the Bankruptcy] Court's approval for the sale or purchase of the Claims." *Id.* at 6–7.

6. To the best of Respondents' knowledge, the Petition in the State Court Action has not yet been served on them. Respondents reserve all rights and defenses they may have, including lack of service and lack of personal jurisdiction.

## BASIS FOR REMOVAL

7. "A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334[.]" 28 U.S.C. § 1452(a). Here, there is jurisdiction under 28 U.S.C. § 1334 because the State Court Action is "related to" the Highland Bankruptcy Case. According to § 1334(b), "the district courts shall have original but not exclusive jurisdiction of all civil proceedings . . . related to cases under title 11." A matter is "related to" a bankruptcy if its outcome "could 'conceivably have an effect on the estate being administered in bankruptcy.'" *In re Brooks Mays Music Co.*, 363 B.R. 801, 808 (Bankr. N.D. Tex. 2007) (Jernigan, J.) (quoting *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987)). For instance, a matter can be "'related to' bankruptcy if the outcome could alter, positively or negatively, the debtor's rights, liabilities,

4

options, or freedom of action or could influence the administration of the bankrupt estate." *In re TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir. 2007).

8. The State Court Action relates to the Highland Bankruptcy Case in multiple ways.

9. At its core, the State Court Action asserts that the Debtor's current CEO unlawfully engineered the sale of claims to Farallon, allegedly for the purpose of giving him "virtually unfettered discretion to administer Highland." Ex. 1 ¶ 22. By its very terms, therefore, the Petition purports to impact the "administration of the bankrupt estate."

10. The State Court Action also alleges impropriety in failing to obtain this Court's approval of the sale of creditors' claims in this bankruptcy. *See* Ex. 1 ¶ 18. How this Court supervises the Official Committee of Unsecured Creditors likewise directly impacts the "administration of the bankruptcy estate." *TXNB Internal Case*, 483 F.3d at 298.

11. Finally, by putting at issue the conduct of the Debtor's current CEO, James Seery, the State Court Action contravenes this Court's July 2020 gatekeeper order forbidding actions against Seery without Court approval. That order provided:

> No entity may commence or pursue a claim or cause of action of any kind against Mr. Seery relating in any way to his role as the chief executive officer and chief restructuring officer of the Debtor without the Bankruptcy Court (i) first determining after notice that such claim or cause of action represents a colorable claim of willful misconduct or gross negligence against Mr. Seery, and (ii) specifically authorizing such entity to bring such claim. The Bankruptcy Court shall have sole jurisdiction to adjudicate any such claim for which approval of the Court to commence or pursue has been granted.

August 2021 Contempt Order at 13 (quoting prior order). This Court recently made clear that legal actions *concerning* Seery, even if not formally alleging claims against him, are contemptuous violations of the Court's order. *See id.* at 27 (rejecting Dondero's argument to the contrary as "linguistic gymnastics that does not fly").

5

12. Removal directly to this Bankruptcy Court is appropriate pursuant to the Northern District of Texas's Standing Order of Reference of Bankruptcy Cases and Proceedings. Misc. Order No. 33 (Aug. 3, 1984). This Standing Order provides that "any or all cases . . . related to a case under Title 11 . . . are referred to the Bankruptcy Judges of this district for consideration and resolution consistent with law." *Id.* Removal directly to the Bankruptcy Court is a regular and accepted practice. *See, e.g.*, Local Bankr. R. 9027-1(a); *TNT Quadrangle Partners, LP v. SRPF B/Quadrangle Prop., LLC*, No. 3:20-AP-03103, Dkt. 1, 59 (Bankr. N.D. Tex. Feb. 26, 2021) (Jernigan, J.) (granting summary judgment in adversary proceeding removed directly from Texas state court); *Lycoming Engines v. Superior Air Parts, Inc.*, No. 3:12-AP-03035, Dkt. 1, 38 (Bankr. N.D. Tex. July 6, 2012) (Houser, J.) (denying motion to remand in action removed directly from Texas state court).

## THE STATE COURT ACTION IS A CORE PROCEEDING

13. The State Court Action is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A) and (O). Nevertheless, even if the State Court Action is not considered a core proceeding, A&M and Farallon consent to this Court's issuance of final orders and judgment.

## CONCLUSION

14. For the reasons described above, A&M and Farallon hereby remove the State Court Action to this Court. Pursuant to Bankruptcy Rule 9027, A&M will file a copy of this Notice of Removal with the Clerk of Court for the 95th Judicial District Court in Dallas County, and will serve a copy on all parties to the removed action.

Dated: August 9, 2021          Respectfully submitted,

By: */s/ Michael Rosenthal*

    Michael Rosenthal (Tex. Bar No. 17281490)
    John T. Cox III (Tex. Bar No. 24003722)
    Bennett Rawicki (Tex. Bar No. 24083708)
    GIBSON, DUNN & CRUTCHER LLP
    2001 Ross Avenue, Suite 2100
    Dallas, Texas 75201-2911
    Telephone: (214) 698-3100
    MRosenthal@gibsondunn.com
    TCox@gibsondunn.com
    BRawicki@gibsondunn.com

*Attorneys for Alvarez & Marsal CRF Management, LLC*

By: */s/ Brent R. McIlwain*

    Brent R. McIlwain (Tex. Bar No. 24013140)
    David C. Schulte (Tex. Bar No. 24037456)
    HOLLAND & KNIGHT LLP
    200 Crescent Court, Suite 1600
    Dallas, TX 75201
    (214) 964-9500
    (214) 964-9501 (facsimile)
    brent.mcilwain@hklaw.com
    david.schulte@hklaw.com

*Attorneys for Farallon Capital Management, L.L.C.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of August, 2021, the foregoing document was filed through the ECF portal of the Bankruptcy Court for the U.S. District Court for the Northern District of Texas, and served by email on Petitioner's counsel of record in the State Court Action.

                                                */s/   Michael Rosenthal*
                                                Michael Rosenthal