Clay M. Taylor
State Bar I.D. No. 24033261
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile

– and –

Michael M. Eidelman (*admitted pro hac vice*)
Douglas J. Lipke (*admitted pro hac vice*)
Thomas P. Cimino, Jr. (*admitted pro hac vice*)
William W. Thorsness (*admitted pro hac vice*)
David L. Kane (*admitted pro hac vice*)
VEDDER PRICE P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601
(312) 609-7500 telephone
(312) 609-5005 facsimile

**ATTORNEYS FOR JAMES DONDERO**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **In Re:** | § § | |
| **Highland Capital Management, L.P.** | § § | Case No. 19-34054 |
| Debtor. | § § § | Chapter 11 |
| | § § | |
| *In re James Dondero* | § § § | |
| **James Dondero,** | § § | Adversary No. 21-03051 |
| Petitioner, | § § § | *Removed from the 95th Judicial District Court of Dallas County, Texas Cause No. DC-21-09534* |
| v. | § § | |
| **Alverez & Marsal CRF Management, LLC and Farallon Capital Management, L.L.C.,** | § § § § | |
| Respondents. | § § § | |

**JAMES DONDERO'S MOTION TO REMAND**

Petitioner James Dondero ("Mr. Dondero"), pursuant to Section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9027-1 of the Local Bankruptcy Rules for the Northern District of Texas (the "Local Rules"), 28 U.S.C. §§ 1447 and 1452, Tex. R. Civ. P. 202, and Rules 9014 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby files this *Motion for Remand* (the "Motion"). In support thereof, Mr. Dondero states as follows:

## I. PRELIMINARY STATEMENT

1. Mr. Dondero comes before the Court to respectfully request the Court remand the Rule 202 Petition (as defined hereafter) to the District Court for the 95th Judicial District, in Dallas County, Texas.

2. Pursuant to 28 U.S.C. § 1452(a), this Court's removal jurisdiction is limited to "claims or causes of action" that are part of a "civil action." Since a petition brought under Texas Rule of Civil Procedure 202 ("Rule 202") is a pre-suit discovery mechanism and not a stand-alone cause of action seeking remedies, it is not a "civil action" subject to removal. As such, this Court lacks subject matter jurisdiction over the Rule 202 Petition and remand is therefore mandatory.

## II. RELEVANT BACKGROUND

3. Shortly after the confirmation of the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (As Modified)* [Docket No. 1808], several of the largest creditors in this Chapter 11 case announced they had each closed on sales of their respective claims to Jessup Holdings, LLC ("Jessup") and/or Muck Holdings, LLC ("Muck" and, collectively with Jessup, the "Claims Purchasers"). More specifically, Muck and/or Jessup purchased the claims of

(i) Redeemer Committee of Highland Crusader Fund (Class 8 - $136,696,610)[1], (ii) UBS Securities LLC and UBS AG London Branch (Class 8 - $65,000,000; Class 9 $60,000,000)[2], (iii) HarbourVest 2017 Global Fund L.P. and its affiliates (Class 8 - $45,000,000; Class 9 - $35,000,000)[3], and (iv) Acis Capital Management, L.P. and Acis Capital Management GP, LLP (Class 8 - $23,000,000)[4] (collectively, the "Claims Sales").

4. Aside from the limited information contained in transfer notices filed with the Court pursuant to Fed. Bankr. P. Rule 3001(e)(2), there is little known about the Claims Sales or the Claims Purchasers. In the *Notice of Removal* [Docket No. 2696], Muck admits it is "affiliated" with Farallon Capital Management, LLC ("Farallon"), a San Francisco-based hedge fund which apparently acquires discounted "late stage bankruptcy claims" that will be paid from proceeds of post-confirmation litigation.[5]

5. Upon information and belief, (a) Muck is a new limited liability company established by Farallon solely for purposes of holding claims sold in the Claims Sales, and (b) the Highland Crusader Fund is managed by Alvarez & Marsal CRF Management, LLC ("A&M").

6. Accordingly, and as further detailed therein, Mr. Dondero filed the Rule 202 Petition to investigate whether the circumstances surrounding the Claims Sales may give rise to future state court claims or causes of action.

### III. RELIEF REQUESTED

7. By this Motion, Mr. Dondero hereby requests the Court remand the Rule 202 Petition back to the Dallas District Court for the 95th Judicial District, in Dallas County, Texas. In

---

[1] See Bankr. Docket No. 2261.
[2] See Bankr. Docket Nos. 2697 and 2698.
[3] See Bankr. Docket 2263.
[4] See Bankr. Docket 2215.
[5] Additional background is set forth in the *Verified Petition to Take Deposition Before Suit and Seek Documents* (the "Rule 202 Petition") attached as Exhibit 1 to the Notice of Removal [Adv. Docket No. 1] (the "Notice of Removal").

addition, Mr. Dondero request the Court award him legal fees and costs against Farallon and A&M for improper removal.

## IV. ARGUMENT AND AUTHORITIES

8. Federal courts are courts of limited jurisdiction, and therefore, removal statutes are subject to strict construction. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Farallon and A&M therefore bear the burden of establishing that federal jurisdiction exists and showing that removal is procedurally proper. *Boone v. Citigroup, Inc.*, 416 F.3d 182, 288 (5th Cir. 2005); *Mayfield-George v. Texas Rehab. Comm'n*, 197 F.R.D. 280, 282 (N.D. Tex. 2000) ("The party removing the case to a federal district court has the burden of establishing the existence of federal subject matter jurisdiction over the removed case."); *In re Enable Commerce, Inc.*, 256 F.R.D. 527, 533 (N.D. Tex. 2009) (placing the burden of establishing subject matter jurisdiction on the removing party).

9. "Any doubts as to the existence of federal subject matter jurisdiction are resolved by remanding the action to state court." *Mayfield-George*, 197 F.R.D. at 282 (internal citations omitted); 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded.") (emphasis added). Because "removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Olowo–Ake v. Emergency Medical Services Corp.*, 2012 WL 5499413, *2 (S.D. Miss. Nov. 13, 2012) (internal quotations omitted); *In re Enable Commerce, Inc.*, 256 F.R.D. at 533 ("resolving all doubts against removal and in favor of remand").

10. As set forth below, Farallon and A&M are unable to meet their burden of establishing federal jurisdiction over the Rule 202 Petition, and as such the Rule 202 Petition must be remanded to state court.

### A. The Rule 202 Petition is Not a Civil Action Capable of Removal Under 28 U.S.C. § 1452.

11. The threshold inquiry under 28 U.S.C. § 1452 is whether there is a "civil action" capable of being removed. Indeed, the concept of removal is predicated on the existence of a pending "civil action" in state court. *See* 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action **in a civil action** … to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.") (emphasis added).

12. The Rule 202 Petition is not a "civil action" for purposes of 28 U.S.C. § 1452. Pursuant to Rule 202, a party may petition a state court for an order authorizing pre-suit discovery "(a) to perpetuate or obtain the person's own testimony or that of any other person for use in an *anticipated* suit; or (b) to investigate a *potential* claim or suit." Tex. R. Civ. P. 202.1 (emphasis added). Rule 202 is merely a procedural tool for pre-suit investigation and not a civil action in and of itself. *McCrary v. Kansas City S. R.R.*, 121 F. Supp. 2d 566, 569 (E.D. Tex. 2000) (Rule 202 petitions "have been construed by Texas courts as ancillary proceedings in anticipation of suits, not separate suits.") (citing cases).

13. Courts considering the issue of removal universally hold that Rule 202 petitions may not be removed under 28 U.S.C. § 1452 because Rule 202 petitions are not "civil actions" over which federal removal jurisdiction can be exercised. *See, e.g., Kingman Holdings, L.L.C. v. Wells Fargo Bank, N.A.,* No. 4:15-cv-812-A, 2015 U.S. Dist. LEXIS 182515, *5 (N.D. Tex. 2015) (holding that a Rule 202 petition is not a case or controversy, therefore not a civil action as

envisioned); *Enable Commerce*, 256 F.R.D. at 533 ("… presuming that [petitioner]'s Rule 202 petition lies outside this court's limited jurisdiction, and resolving all doubts against removal and in favor of remand, the court holds that it lacks subject matter jurisdiction over the petition"); *Linzy v. Cedar Hill Indep. Sch. Dist.*, 2001 U.S. Dist. LEXIS 11845, *5 (N.D. Tex. Aug. 8, 2001) (holding that Rule 202 petition is not a "civil action" for purposes of establishing claims subject to removal and therefore remanding same for lack of subject matter jurisdiction); *Mayfield-George*, 197 F.R.D. at 283 (same); *Sawyer v. E.I. du Pont de Nemours & Co.*, No. CIV.A. 06-1420, 2006 WL 1804614, *2 (S.D. Tex. June 28, 2006) (petitioner's "Rule 202 petition is simply a request for discovery that may or may not eventually lead to federal claims over which this Court would have subject matter jurisdiction, and it therefore belongs where it was filed – in state court.") (internal quotations omitted); *Davidson v. S. Farm Bureau Cas. Ins. Co.*, No. H-05-03607, 2006 U.S. Dist. LEXIS 40654, *10 (S.D. Tex. 2006) ("For these reasons, the Court finds that a Rule 202 petition is not a 'civil action' removable under 28 U.S.C. § 1441, and that Plaintiff's petition for discovery should, therefore, be remanded to state court."); *McCrary*, 121 F. Supp. 2d at 569 (Rule 202 proceeding is not a "civil action" under 28 U.S.C. § 1441(b) because it does not assert a claim on which relief can be granted); *In re Enron Corporation Securities*, MDL-1446, Civil Action No. H-01-3624 Consolidated Cases, Civil Action No. H-02-3193 (S.D. Tex. Oct. 23, 2002) ("Both Texas and federal district courts have held that a Rule 202 request is an ancillary proceeding, not a separate civil suit, and not appropriate for removal.") (citing cases). Each of these federal courts remanded the subject Rule 202 petitions back to state court for lack of jurisdiction.

14. Black letter law is clear that there is no basis for removal of a Rule 202 petition. *See, e.g., Mayfield-George*, 197 F.R.D. at 283 ("Respondents' contention that a Rule 202.1 petition institutes a "civil action" and is removable if it is based on potential federal claims is baseless.

There is no Fifth Circuit authority for construing a petition for discovery before trial under the Texas Rules of Civil Procedure as a "civil action" that can be removed."); *McCrary*, 121 F. Supp. 2d at 569 ("Plaintiffs cite no authority for the proposition that removal of 202 Requests is proper and none could be found by this court."). Accordingly, because the petition is not a "civil action" that capable of removal, the Rule 202 Petition must be remanded.

> B. **The Court Lacks Original Subject Matter Jurisdiction Under 28 U.S.C. § 1334.**

15. Because the Rule 202 Petition is not a civil action capable of removal under 28 U.S.C. § 1452, the Court need not proceed to the additional steps in its jurisdictional analysis. Nonetheless, Farallon and A&M will no doubt attempt to argue that removal based upon federal subject matter jurisdiction under 28 U.S.C. § 1334 is authorized.

16. Section 1334 jurisdiction cannot exist unless the matter before the court is a ripe case or controversy. 28 U.S.C. § 1334(a). As the Sixth Circuit explained in *In re Cassim*:

> Federal court jurisdiction is limited by the Constitution to "cases" and "controversies." U.S. Const. art. III, § 2; *Flast v. Cohen,* 392 U.S. 83, 94–95 (1968). Just as this restriction applies to federal district courts, the courts of appeals, and the U.S. Supreme Court, this restriction necessarily applies to federal bankruptcy courts. *See* 28 U.S.C. § 1334 (federal bankruptcy courts derive their jurisdiction from federal district courts). The ripeness doctrine has developed "to ensure that courts decide only existing, substantial controversies, not hypothetical questions or possibilities.

594 F.3d 432, 437 (6th Cir. 2010) (internal quotation marks and citations omitted); *In re Contractor Tech., Ltd.*, 2007 WL 2819773, *2-3 (Bankr. S.D. Tex. Sept. 21, 2007) ("The jurisdiction of federal courts is limited by Article III of the United States Constitution to 'cases' and 'controversies.' U.S. Const. art. III, § 2. One of the necessary requirements in bringing a claim under the scope of "cases' and 'controversies' is that the claim must be ripe.").

17. Although Sections 1334(a) and (b) use the terms "cases" and "civil proceedings" instead of "civil action," no court has found any meaningful difference between the terms "civil action" as used in 28 U.S.C. § 1452, or "case" and "civil proceedings" as used in under 28 U.S.C. § 1334. To the contrary, the terms are used interchangeably in jurisprudence (for example, the Constitution vests the federal judicial power over "cases". *See* U.S. Const. art III § 2). If a civil action does not yet exist, then it follows that a case or civil proceeding similarly does not yet exist.

18. As discussed at length in Section A *supra*, the Rule 202 Petition is not a civil action that sets forth a ripe case or controversy for purposes of Section 1334. Rather, it is simply a pre-suit discovery tool over which federal subject matter jurisdiction cannot be exercised. Indeed, black letter law provides that federal subject matter jurisdiction does not exist over a pre-suit discovery petition authorized under Texas law (or the law of any other state with an analogous process to Rule 202) because it does not meet the threshold requirement of being a "case". Therefore, just as a Rule 202 petition is not a "civil action" for purposes of 28 U.S.C. § 1452(a) (and the other removal statutes), it is likewise not a "case" or a "civil proceeding" under 28 U.S.C. § 1334(a) or (b). Accordingly, remand is mandatory 28 U.S.C. § 1447(c).

19. Because no ripe "case" or "civil proceeding" exists, Farallon and A&M are unable to satisfy the threshold requirement for federal subject matter jurisdiction under Section 1334. That said, Farallon and A&M essentially attempt to skip the "case or controversy" requirement and move to the second step of the jurisdictional inquiry by claiming this Court has "related to" jurisdiction. *See* Notice of Removal, ¶¶ 8-10. However, any assertion of "related to" jurisdiction is premature because the Rule 202 Petition is not, in and of itself, a case or controversy that can be removed. Rather, Mr. Dondero is using Rule 202's pre-suit discovery to evaluate whether state law claims exist against Farallon and A&M that may give rise to the filing of a future civil action.

If Mr. Dondero eventually commences a case or civil proceeding, the question of whether the Court holds "related to" jurisdiction over such future civil action may arise.[6] But for purposes of the Rule 202 Petition itself, the question of Section 1334 jurisdiction is not yet ripe.[7]

### C. This Court Should Award Mr. Dondero Legal Fees and Costs Incurred in Connection with the Notice of Removal.

20. Where, as here, there is simply no basis for removal, the Court should award Mr. Dondero his legal fees and costs incurred in connection with the Notice of Removal. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

21. Central to the determination of whether attorneys' fees should be granted is the propriety of the defendant's decision to remove." *Garcia v. Amfels, Inc.*, 254 F.3d 585, 587 (5th Cir. 2001) (imposing fees and costs on defendants in the absence of persuasive case law). The Fifth Circuit generally holds that defendants will be liable for the fees and costs of improper removal unless their arguments in favor of removal are "objectively reasonable." *Renegade Swish, L.L.C. v. Wright*, 857 F.3d 692, 701 (5th Cir. 2017).

22. In light of the overwhelming case law holding that Rule 202 petitions are not "civil actions" or "cases" capable of removal, there can be no argument that Farallon's and A&M's filing the Notice of Removal was objectively reasonable. Indeed, their apparent failure to consider the black letter law preventing removal of Rule 202 petitions is unreasonable and has caused Mr.

---

[6] Mr. Dondero reserves his rights and arguments with respect to the assertion of jurisdiction over any such future state court civil action, including, without limitation, mandatory abstention of "related to" jurisdiction under 28 U.S.C. 1334(c)(2). *See WRT Creditors Liquidation Tr. v. C.I.B.C. Oppenheimer Corp.*, 75 F. Supp. 2d 596, 606 (S.D. Tex. 1999) ("Related-to matters are those which, because they are peripheral to the concerns of the bankruptcy case and based on extrinsic sources of law, require mandatory abstention.").

[7] The Rule 202 Petition is not designed to circumvent the Court's standing "gatekeeper" order with respect to Mr. Seery. *See* Notice of Removal, ¶ 11. Mr. Seery is not a party to the Rule 202 Petition and no claims are asserted against Mr. Seery therein. Nonetheless, Mr. Dondero will comply with the procedural requirements of the gatekeeper order in advance of bringing any claim or cause of action against Mr. Seery that is governed by such order.

Dondero to incur unnecessary fees and costs. Accordingly, consistent with Fifth Circuit precedent, the Court should award Mr. Dondero his fees and costs in this matter.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court enter an order (i) granting this Motion, (ii) remanding the Rule 202 Petition to the District Court for the 95th Judicial District, in Dallas County, Texas and (iii) granting Mr. Dondero any such other and further relief to which he may be justly entitled.

**[Remainder of Page Intentionally Left Blank]**

Dated: September 8, 2021

Respectfully submitted,

*/s/ Clay M. Taylor*
Clay M. Taylor
State Bar I.D. No. 24033261
Bryan C. Assink
State Bar I.D. No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: clay.taylor@bondsellis.com
Email: bryan.assink@bondsellis.com

- and -

*/s/ Michael M. Eidelman*
Michael M. Eidelman (*admitted pro hac vice*)
Douglas J. Lipke (*admitted pro hac vice*)
Thomas P. Cimino, Jr. (*admitted pro hac vice*)
William W. Thorsness (*admitted pro hac vice*)
David L. Kane (*admitted pro hac vice*)
VEDDER PRICE P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601
(312) 609-7500 telephone
(312) 609-5005 facsimile
Email: meidelman@vedderprice.com
Email: dlipke@vedderprice.com
Email: tcimino@vedderprice.com
Email: wthorsness@vedderprice.com
Email: dkane@vedderprice.com

**ATTORNEYS FOR JAMES DONDERO**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on September 8, 2021, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on counsel for the Respondents, the Debtor, and on all other parties requesting or consenting to such service in this case.

*/s/ Bryan C. Assink*
Bryan C. Assink