GIBSON, DUNN & CRUTCHER LLP
Michael Rosenthal (Tex. Bar No. 17281490)
John T. Cox III     (Tex. Bar No. 24003722)
Bennett Rawicki   (Tex. Bar No. 24083708)
2001 Ross Avenue, Suite 2100
Dallas, TX 75201-2911
Tel:  214.698.3100
MRosenthal@gibsondunn.com
TCox@gibsondunn.com
BRawicki@gibsondunn.com

Marshall R. King (*pro hac vice*)
200 Park Avenue
New York, NY 10166-0193
Tel:  214.351.4000
MKing@gibsondunn.com

*Attorneys for Alvarez & Marsal CRF Management, LLC*

HOLLAND & KNIGHT LLP
Brent R. McIlwain  (Tex. Bar No. 24013140)
David C. Schulte   (Tex. Bar No. 24037456)
200 Crescent Court, Suite 1600
Dallas, TX  75201
(214) 964-9500
(214) 964-9501 (facsimile)
brent.mcilwain@hklaw.com
david.schulte@hklaw.com

*Attorneys for Farallon Capital Management, L.L.C.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re:<br><br>Highland Capital Management, L.P.[1]<br><br>　　　　　Debtor. | §§§§§§§ | Chapter 11<br><br>Case No. 19-34054 (SGJ) |
| *In re James Dondero*<br><br>James Dondero,<br>　　　　　Petitioner,<br><br>v.<br><br>Alvarez & Marsal CRF Management, LLC, and Farallon Capital Management, L.L.C.,<br><br>　　　　　Respondents. | §§§§§§§§§§§§§§ | Adversary No. 21-03051 |

**RESPONDENTS' RESPONSE TO DONDERO'S MOTION TO REMAND**

---

[1] The last four digits of Debtor's taxpayer identification number are (6725).  The headquarters and service address for Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

## **TABLE OF CONTENTS**

Page

INTRODUCTION ................................................................................................................. 1

LEGAL STANDARD ............................................................................................................ 3

ARGUMENT ......................................................................................................................... 3

I.    Dondero's Action Is a Removable Civil Action Because It Is a Standalone Civil Proceeding Seeking a Court Order Mandating Action by the Opposing Parties. ............ 4

II.   Dondero's Action is Ripe Because He Seeks Discovery Now. ...................................... 7

III.  There Is No Basis for Awarding Dondero Attorney's Fees. ........................................... 9

CONCLUSION .................................................................................................................... 10

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Advanced Orthopedic Designs, L.L.C. v. Shinseki*,
  886 F. Supp. 2d 546 (W.D. Tex. 2012) ............................................................................... 6

*Beiser v. Weyler*,
  284 F.3d 665 (5th Cir. 2002) ............................................................................................... 9

*Bennett v. Zucker*, No. 05-20-00488-CV, 2021 WL 3701374
  (Tex. App.—Dallas Aug. 20, 2021) ............................................................................. 2, 8

*In re DePinho*,
  505 S.W.3d 621 (Tex. 2016) ............................................................................................... 9

*DM Arbor Ct., Ltd. v. City of Houston*,
  988 F.3d 215 (5th Cir. 2021) ............................................................................................... 8

*In re Enable Commerce, Inc.*,
  256 F.R.D. 527 (N.D. Tex. 2009) ................................................................................ 9, 10

*Linzy v. Cedar Hill Indep. Sch. Disr.*,
  2001 WL 912649 (N.D. Tex. Aug. 8, 2001) ....................................................................... 6

*Martin v. Franklin Cap. Corp.*,
  546 U.S. 132 (2005) ............................................................................................................ 9

*McCrary v. Kansas City S. R.R.*,
  121 F. Supp. 2d 566 (E.D. Tex. 2000) ................................................................................ 7

*Montana–Dakota Utils. Co. v. Nw. Pub. Serv. Co.*,
  341 U.S. 246 (1951) ............................................................................................................ 9

*Off. Emp. Int'l Union Loc. 277, AFL-CIO v. Sw. Drug Corp.*,
  391 S.W.2d 404 (Tex. 1965) ............................................................................................... 7

*Page v. Liberty Life Assur. Co. of Bos.*,
  No. 4:06-CV-572, 2006 WL 2828820 (N.D. Tex. Oct. 3, 2006) ........................................ 6

*Renegade Swish, L.L.C. v. Wright*,
  857 F.3d 692 (5th Cir. 2017) ............................................................................................... 9

*In re REPH Acquisition Co.*,
  134 B.R. 194 (N.D. Tex. 1991) ........................................................................................... 3

*Ross Stores, Inc. v. Redken Labs., Inc.*,
  810 S.W.2d 741 (Tex. 1991) ............................................................................................... 7

# **TABLE OF AUTHORITIES**
(*Continued*)

Page(s)

*In re Texas*, 110 F. Supp. 2d 514 (E.D. Tex. 2000), *rev'd on other grounds*,
   259 F.3d 387 (5th Cir. 2001) ..................................................................................5, 6

*In re TXNB Internal Case*,
   483 F.3d 292 (5th Cir. 2007) .........................................................................................3

**STATUTES**

28 U.S.C. § 1334..............................................................................................................3, 4

28 U.S.C. § 1441.................................................................................................................5

28 U.S.C. § 1442.................................................................................................................5

28 U.S.C. § 1446.................................................................................................................5

28 U.S.C. § 1447.................................................................................................................9

28 U.S.C. § 1452...................................................................................................3, 4, 5, 6

**TREATISES**

14C FED. PRAC. & PROC. JURIS. § 3721.1 (Rev. 4th ed. Apr. 2021).................................5

**INTRODUCTION**

The "serial litigator" James Dondero is trying to avoid this Court's control of the Highland bankruptcy case—and this Court's injunction forbidding further proceedings by Dondero—in order to continue his attempt to "burn down the place" after losing control of Highland Capital Management, L.P., the Debtor in this action. *See* Findings of Fact and Conclusions of Law, Order Confirming 5th Am. Plan of Reorg. of Highland Capital Mgmt., L.P., No. 19-34054, Dkt. 1943 at 9, 56 (Bankr. N.D. Tex. Feb. 22, 2021) ("Confirmation Order").

This adversary proceeding began with a petition Dondero filed in Texas state court by which he seeks discovery concerning, among other things, alleged misconduct by the Debtor's current CEO, James Seery. Ex. 1 to Notice of Removal at 5–6, Dkt. 2696-1 ("Dondero's Action"). The two direct targets of Dondero's Action are (i) Alvarez & Marsal CRF Management, LLC ("A&M"), the current investment manager of the Crusader Funds, which held claims against the Debtor; and (ii) Farallon Capital Management, L.L.C. ("Farallon"), whose affiliate Muck Holdings LLC purchased claims (from third parties unrelated to A&M) against the Debtor. *See* Notice of Removal ¶¶ 2–3, Dkt. 2696. Although A&M and Farallon are the formal targets, Dondero's Action expressly mentions the Debtor's CEO Seery nine times, alleges Seery violated the Investment Advisers Act, and seeks multiple categories of documents and deposition testimony about Seery to support allegations against him. Ex. 1 to Notice of Removal at 5–6.

As this Court foresaw, "without appropriate protections in place . . . Mr. Dondero and his related entities will likely commence litigation against the Protected Parties . . . and do so in jurisdictions other than the Bankruptcy Court in an effort to obtain a forum which Mr. Dondero perceives will be more hospitable to his claims." Confirmation Order at 56. That is precisely what Dondero was aiming to do by filing this action in state court.

However, this Court installed protections against just this sort of conduct, finding it "necessary and appropriate in light of the history of the continued litigiousness of Mr. Dondero." *Id.* at 56. Specifically, in the confirmed plan of reorganization, the Court "permanently enjoined" Dondero from "commencing, conducting, or continuing in any manner, any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor or the property of the Debtor." *Id.* at 76.

Dondero is trying to avoid the injunction by seeking remand. But his grounds are illusory.

As an initial matter, Dondero does not dispute that his action relates to this bankruptcy case. Nor does he argue that the Court should abstain from deciding this action, either mandatorily or permissively. Indeed, Dondero could not plausibly make any such arguments. Instead, he argues that this Court lacks jurisdiction on two bases: (i) removal is not available for a Rule 202 petition, and (ii) his Rule 202 petition is not a ripe controversy. Neither basis is valid.

First, Rule 202 petitions are removable "civil actions" under the federal removal statutes, as courts in every federal district court in Texas have recognized. Dondero relies on caselaw that misunderstands the nature of a Rule 202 petition and imposes an unjustified and unsupportable limitation on the plain text of the federal removal statutes.

Second, Dondero's removable Rule 202 petition is ripe. He *currently* seeks the relief of an order mandating certain discovery related to this bankruptcy case, and Respondents *currently* oppose the request for such discovery. As Texas courts hold, Rule 202 petitions are ripe because "once [petitioner] filed the 202 Action, the controversy involved a genuine conflict of tangible interests." *Bennett v. Zucker*, No. 05-20-00488-CV, 2021 WL 3701374, at *3 (Tex. App.—Dallas Aug. 20, 2021) (cleaned up, citation omitted).

Because removal was proper and this Court has subject matter jurisdiction, this Court should deny Dondero's motion to remand.

## LEGAL STANDARD

According to the bankruptcy removal statute, "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334[.]" 28 U.S.C. § 1452. Under § 1334(b) and the Northern District of Texas's Standing Order of Reference of Bankruptcy Cases and Proceedings (Aug. 3, 1984), this Court has "jurisdiction of all civil proceedings . . . related to cases under title 11." A matter is "'related to' bankruptcy if the outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate." *In re TXNB Internal Case*, 483 F.3d 292, 298 (5th Cir. 2007); *In re REPH Acquisition Co.*, 134 B.R. 194, 203 (N.D. Tex. 1991).

## ARGUMENT

Dondero initiated a civil proceeding in Texas state court by filing a "Verified Petition" under Texas Rule of Civil Procedure 202, seeking a court order mandating Respondents to produce documents and witnesses for deposition. Ex. 1 to Notice of Removal at 1, 6–7. The stated basis for the requested discovery is "to investigate any potential claims by [Dondero] arising out of the highly irregular manner in which the Claim[s] were marketed (if at all) and sold," referring to "Farallon's purchase of certain bankruptcy claims in the Highland Bankruptcy Case, pending in the Northern District of Texas bankruptcy court, from three sources: HarbourVest, Acis Capital Management, LP, and the Crusader Funds." *Id.* at 3, 6.

Respondents oppose the requested discovery order and Dondero's continued litigiousness related to the Highland bankruptcy case. Respondents timely removed Dondero's Action to this

Court based on its "jurisdiction of all civil proceedings . . . related to cases under title 11." 28 U.S.C. §§ 1334(b) & 1452.

In his motion to remand, Dondero does not dispute that his action "relates to" this bankruptcy case, nor could he given the multiple connections explained in Respondents' Notice of Removal. *See* Notice of Removal ¶¶ 8–9, Dkt. 2696. Nor does Dondero argue that the Court should abstain from deciding this action under 28 U.S.C. § 1334(c), which it should not because of how core and interrelated this action is with the Highland bankruptcy case.[2] Instead, Dondero seeks remand on two bases: that removal is not available for a Rule 202 petition, and that the Rule 202 petition is not a ripe controversy. Neither basis is valid, as explained below.

I. **Dondero's Action Is a Removable Civil Action Because It Is a Standalone Civil Proceeding Seeking a Court Order Mandating Action by the Opposing Parties.**

Dondero mistakenly contends that his Rule 202 petition is a not a "civil action" under the federal removal statutes because the order it seeks is for pre-suit discovery to investigate potential claims in an anticipated suit. Mot. at 5. Although some courts have agreed, the proper understanding of the removal statutes and a Rule 202 petition shows that Dondero's petition is a removable civil action because it is a standalone civil proceeding seeking a court order mandating action by the opposing parties.

Respondents removed pursuant to 28 U.S.C. § 1452, which provides that "[a] party may remove any claim or cause of action in a civil action . . . if such district court has jurisdiction of such claim or cause of action under section 1334[.]" There is no dispute that Dondero's claims are related to the Highland bankruptcy case under 28 U.S.C. § 1334(b).

---

[2] Dondero has not made a "timely motion" for abstention under 28 U.S.C. § 1334(c). He merely mentions abstention in a footnote, and only to "reserve[] his rights" to assert the argument "over any . . . *future* state court civil action." Mot. at 9 n.6 (emphasis added).

The removal statutes do not formally define the term "civil action," and the statutes' use of that term indicates it is meant simply "to distinguish civil proceedings from criminal ones." *In re Texas*, 110 F. Supp. 2d 514, 519 (E.D. Tex. 2000), *rev'd on other grounds*, 259 F.3d 387 (5th Cir. 2001). The variety of terms used in the removal statutes to refer to civil actions defies defining it as a civil proceeding having some particular set of requests for relief. For instance, section 1441(a) refers to "*any* civil action." Section 1446(b) refers to "[t]he notice of removal of a civil action *or proceeding*." Section 1452(a) refers to "*any claim or cause of action* in a civil action." The only clarity the removal statutes provide is to distinguish a civil action from a criminal action. Section 1442 refers to "[a] civil action or criminal prosecution" and section 1446(g) refers to "the civil action or criminal prosecution that is removable."

Interpreting "civil action" as *any* civil proceeding is consistent with the history of federal removal statutes. As *In re Texas* catalogues, the Supreme Court repeatedly interpreted prior versions of the removal statutes to apply to any dispute subjecting a party to a court order, and the current version was merely "intended to 'consolidate' its predecessors." 110 F. Supp. 2d at 518–21 (quoting 62 Stat. 937 (June 25, 1948) (reviser's notes)). The preeminent treatise Federal Practice & Procedure agrees that "the federal courts have broadly construed the term 'civil action'" and that the "limitation to civil actions" excludes from removal "some state administrative proceedings[,] criminal, and perhaps penalty[] actions." 14C Fed. Prac. & Proc. Juris. § 3721.1 (Rev. 4th ed. Apr. 2021). "At its essence, a civil action is one person asking a court to do something about another person." Op. on Remand at 2, *Cong v. ConocoPhillips Co.*, No. 12-CV-1976, Dkt. 62 (S.D. Tex. Nov. 8, 2016) (denying remand of Rule 202 petition) (attached at App'x 8).

Following the better reasoned interpretation of "civil action," federal courts in each Texas federal district have held that a Rule 202 petition is a removable civil action. *See Cong*, No. 12-

5

CV-1976, Dkt. 62 at 2 (S.D. Tex.); *In re Texas*, 110 F. Supp. 2d at 518–22 (E.D. Tex.); *Page v. Liberty Life Assur. Co. of Bos.*, No. 4:06-CV-572, 2006 WL 2828820, at *1–3 (N.D. Tex. Oct. 3, 2006); *Advanced Orthopedic Designs, L.L.C. v. Shinseki*, 886 F. Supp. 2d 546, 552–53 (W.D. Tex. 2012). This is proper because a Rule 202 petition "possesses all the elements of a judicial proceeding: there is a controversy between parties; there are pleadings (the plaintiff's petition); relief is sought (the plaintiff has prayed for a court order authorizing the taking of depositions); and a judicial determination is required." *Page*, 2006 WL 2828820, at *1–3 (citing *In re Texas*, 110 F. Supp. 2d at 521–22) (cleaned up).

The caselaw on which Dondero relies is both flawed and mischaracterized. He cites eight cases for the proposition that "[c]ourts considering the issue of removal universally hold that Rule 202 petitions may not be removed under 28 U.S.C. § 1452 because Rule 202 petitions are not 'civil actions.'" Mot. at 5. Only one of those eight cited opinion refers to § 1452 at all, and that opinion concerned a motion to consolidate, not a motion to remand.[3] Moreover, courts have not, as claimed by Dondero, "universally" held that Rule 202 petitions may not be removed. At least four courts have accepted removal by denying motions to remand, as catalogued above. In another mischaracterization, Dondero describes *Linzy v. Cedar Hill Independent School District* as "remanding for lack of subject matter jurisdiction"—but that opinion concerns summary judgment; it did not deal with a motion to remand. 2001 WL 912649, at *1, 4–5 (N.D. Tex. Aug. 8, 2001).

---

[3] The *Enron* case, which the Motion quoted but did not properly cite, denied a motion to consolidate a removed Rule 202 petition with a securities lawsuit pending in that court. *In re Enron Corp. Sec., Derivative & ERISA Litig.*, No. 01-cv-3624, Dkt. 1106 (S.D. Tex. Oct. 24, 2002) (attached at App'x 11). The court held that it lacked subject matter jurisdiction because the Rule 202 petition at issue was "too inchoate, premature, and attenuated to . . . provide the court with 'related to' jurisdiction." *Id.* at App'x 16. Such is not the case here. Dondero does not dispute that his Rule 202 petition sufficiently "relates to" the Highland bankruptcy case.

The cases Dondero cites that actually decide the removability of Rule 202 petitions rely on a mistaken understanding of Rule 202 petitions as merely "'ancillary proceedings in anticipation of suits, not separate suits.'" Mot. at 5 (quoting *McCrary v. Kansas City S. R.R.*, 121 F. Supp. 2d 566, 569 (E.D. Tex. 2000)). *McCrary*, like other cases Dondero cites, relied on a 1965 Texas Supreme Court decision that described the predecessor rule to Rule 202 as "not of itself an independent suit, but is in aid of and incident to an anticipated suit . . . . [It] is purely an ancillary matter." *Off. Emp. Int'l Union Loc. 277, AFL-CIO v. Sw. Drug Corp.*, 391 S.W.2d 404, 406 (Tex. 1965). But the Texas Supreme Court has since clarified that a pre-suit discovery order is not "ancillary," and actually "is an end within itself" when the petition "seeks to discover who its potential defendants are and whether it has one or more causes of action against them." *Ross Stores, Inc. v. Redken Labs., Inc.*, 810 S.W.2d 741, 742 (Tex. 1991) (*per curiam*). That is what Dondero seeks here: "discovery to evaluate whether state law claims exist against Farallon and A&M that may give rise to the filing of a future civil action." Mot. at 8. Accordingly, Dondero's Rule 202 petition is not ancillary.

Dondero is left with no valid basis to argue that his Rule 202 petition is not a removable civil action.

## II. Dondero's Action is Ripe Because He Seeks Discovery Now.

Dondero also mistakenly believes that, because he has not yet filed claims for damages against A&M or Farallon, that means his Rule 202 petition seeking discovery from A&M and Farallon is not ripe. Mot. at 8–9. That argument ignores the fact that a dispute is currently before the Court for determination: Dondero currently requests relief from A&M and Farallon in the form of a burdensome order to provide documents and deposition testimony; and Respondents

7

currently dispute that request. Whether Dondero is entitled to that relief is unquestionably a ripe dispute.

A dispute is ripe where it "would not benefit from any further factual development and when the court would be in no better position to adjudicate the issues in the future than it is now." *DM Arbor Ct., Ltd. v. City of Houston*, 988 F.3d 215, 218 (5th Cir. 2021) (citation omitted). The ripeness doctrine simply "ensures that federal courts do not decide disputes that are premature or speculative." *Id.* (citation omitted).

The Rule 202 petition is a ripe dispute because the dispute is not premature (Dondero seeks the discovery now) and not speculative (Dondero's requested discovery order is specific, and Respondents' opposition is clear). There *currently* exists an actual controversy between the parties as to whether Dondero is entitled to the expansive discovery he seeks. And Dondero does not argue that further factual development is needed for a court to rule on his Rule 202 petition, nor does he offer any reason why a court should wait to rule on his Rule 202 petition.

Dondero's inability to explain the alleged unripeness of his petition is no surprise because courts regularly consider Rule 202 petitions to be ripe. As the Dallas Court of Appeals recently held, a Rule 202 petition was ripe because "once [petitioner] filed the 202 Action, the controversy involved a genuine conflict of tangible interests." *Bennett*, 2021 WL 3701374, at *3 (cleaned up, citation omitted).

Dondero argues that because he has not filed a substantive claim for damages against Respondents, his current requests for orders compelling discovery are not ripe. Mot. at 8–9. He cites no authority for this argument, nor could he. Texas courts distinguish the ripeness of a Rule 202 petition from the ripeness of the potential claims that may be filed later, in fact dismissing Rule 202 petitions where the substantive claims for which discovery is sought are not ripe. *See,*

8

*e.g.*, *In re DePinho*, 505 S.W.3d 621, 624–25 (Tex. 2016) (issuing decision to vacate Rule 202 petition after finding that the claims on which the petition sought discovery were not ripe).

Because Dondero currently seeks a court order compelling discovery, and Respondents oppose such an order and believe Dondero is not entitled to such discovery, the dispute is ripe.[4] If Dondero's reasoning were to succeed, and this action were remanded to state court, that would allow Dondero to incessantly pester entities related to the Highland bankruptcy case with attempts to obtain discovery through Rule 202 petitions, in violation of this Court's injunction forbidding Dondero from pursuing any proceedings affecting the Debtor. Confirmation Order at 76.

### III. There Is No Basis for Awarding Dondero Attorney's Fees.

In a transparent ploy to optically strengthen his illusory arguments, Dondero claims that Respondents' removal was so baseless that he is entitled to attorney's fees. Even if this Court finds remand appropriate, it should not award Dondero attorney's fees under 28 U.S.C. § 1447(c).

"[C]ourts may award attorney's fees under § 1447(c) *only* where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) (emphasis added). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* "[U]nsettled law can provide an objectively reasonable basis for removal," as Dondero's cited authority recognizes. *Renegade Swish, L.L.C. v. Wright*, 857 F.3d 692, 699 (5th Cir. 2017).

Dondero cannot credibly dispute that the removability of a Rule 202 petition is at least unsettled. One of the cases he cites recognizes as much. *In re Enable Commerce, Inc.* explained

---

[4] Of course, the lack of available relief for Dondero's Action in this court would not weigh against finding jurisdiction because "whether a federal court has jurisdiction to decide an issue is a distinct question from how to decide that issue correctly." *Beiser v. Weyler*, 284 F.3d 665, 670 & n.6 (5th Cir. 2002) (warning about "confusing the lack of merit in a federal claim with a lack of jurisdiction" (citing *Montana–Dakota Utils. Co. v. Nw. Pub. Serv. Co.*, 341 U.S. 246, 249 (1951)).

that "[t]he Fifth Circuit has not decided whether a Rule 202 petition is removable" and identified two district courts that had held a Rule 202 petition was removable. 256 F.R.D. 527, 530 (N.D. Tex. 2009). In this Response, Respondents have identified authority from all four federal districts in Texas that held a Rule 202 petition was removable, and Respondents have explained why that is the better reasoned approach based on the plain text of the removal statutes and the proper understanding of the purpose and function of a Rule 202 petition. *See supra* § I. Dondero argues that Respondents "apparent[ly] fail[ed] to consider the black letter law." Mot. at 9. But, as shown above, it is Dondero who overlooked the authorities supporting removal.

Dondero is simply overreaching in asking for attorney's fees. It is further evidence of the scorched-earth litigiousness of which this Court is all too aware. For the reasons discussed, Respondents had an objectively reasonable basis for removing this action. If this Court remands the action for some reason, Respondents respectfully request that the Court decline to award attorney's fees to Dondero.

## CONCLUSION

For the reasons explained above, the Court should deny Dondero's motion to remand.

Dated: September 29, 2021

Respectfully submitted,

By: /s/ Michael Rosenthal

GIBSON, DUNN & CRUTCHER LLP
Michael Rosenthal (Tex. Bar No. 17281490)
John T. Cox III (Tex. Bar No. 24003722)
Bennett Rawicki (Tex. Bar No. 24083708)
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2911
Tel: 214.698.3100
MRosenthal@gibsondunn.com
TCox@gibsondunn.com
BRawicki@gibsondunn.com

Marshall R. King (*pro hac vice*)
200 Park Avenue
New York, NY 10166-0193
Tel: 214.351.4000
MKing@gibsondunn.com

*Attorneys for Alvarez & Marsal CRF Management, LLC*

By: /s/ Brent R. McIlwain
Brent R. McIlwain (Tex. Bar No. 24013140)
David C. Schulte (Tex. Bar No. 24037456)
HOLLAND & KNIGHT LLP
200 Crescent Court, Suite 1600
Dallas, TX 75201
(214) 964-9500
(214) 964-9501 (facsimile)
brent.mcilwain@hklaw.com
david.schulte@hklaw.com

*Attorneys for Farallon Capital Management, L.L.C.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of September, 2021, the foregoing document was filed through the ECF portal of the Bankruptcy Court for the U.S. District Court for the Northern District of Texas.

                                                   /s/   *Michael Rosenthal*
                                                   Michael Rosenthal