Gibson, Dunn & Crutcher LLP
Michael Rosenthal (Tex. Bar No. 17281490)
John T. Cox III    (Tex. Bar No. 24003722)
Bennett Rawicki   (Tex. Bar No. 24083708)
2001 Ross Avenue, Suite 2100
Dallas, TX 75201-2911
Tel:  214.698.3100
MRosenthal@gibsondunn.com
TCox@gibsondunn.com
BRawicki@gibsondunn.com

Marshall R. King (*pro hac vice*)
200 Park Avenue
New York, NY 10166-0193
Tel:  214.351.4000
MKing@gibsondunn.com

*Attorneys for Alvarez & Marsal CRF Management, LLC*

Holland & Knight LLP
Brent R. McIlwain  (Tex. Bar No. 24013140)
David C. Schulte    (Tex. Bar No. 24037456)
200 Crescent Court, Suite 1600
Dallas, TX  75201
(214) 964-9500
(214) 964-9501 (facsimile)
brent.mcilwain@hklaw.com
david.schulte@hklaw.com

*Attorneys for Farallon Capital Management, L.L.C.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § | |
| Highland Capital Management, L.P.[1] | § § § | Chapter 11 |
| Debtor. | § § § | Case No. 19-34054 (SGJ) |
| *In re James Dondero* | § § | Adversary No. 21-03051 |
| James Dondero, | § § | |
| Petitioner, | § § § | |
| v. | § § § | |
| Alvarez & Marsal CRF Management, LLC, and Farallon Capital Management, L.L.C., | § § § § | |
| Respondents. | § § | |

**APPENDIX OF EXHIBITS IN SUPPORT OF
RESPONDENTS' RESPONSE TO DONDERO'S MOTION TO REMAND**

---

[1] The last four digits of Debtor's taxpayer identification number are (6725).  The headquarters and service address for Debtor is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

Respondents submit this Appendix of the following exhibits in support of their Response to Dondero's Motion to Remand, which is filed concurrently with this Appendix.

| Ex. | Description | App'x Page |
|---|---|---|
| 1 | Declaration of Bennett Rawicki in Support of Respondents' Response to Dondero's Motion to Remand | App'x 3 |
| 2 | Op. on Remand & Deposition, *Cong v. ConocoPhillips Co.*, No. 12-CV-1976, Dkt. 62 (S.D. Tex. Nov. 8, 2016) | App'x 6 |
| 3 | Order, *In re Enron Corp. Sec., Derivative & ERISA Litig.*, No. 01-cv-3624, Dkt. 1106 (S.D. Tex. Oct. 24, 2002) | App'x 11 |

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of September, 2021, this Appendix was filed through the ECF portal of the Bankruptcy Court for the U.S. District Court for the Northern District of Texas.

/s/   Michael Rosenthal
Michael Rosenthal

# Exhibit 1

<div style="display: flex;">

<div>

GIBSON, DUNN & CRUTCHER LLP
Michael Rosenthal (Tex. Bar No. 17281490)
John T. Cox III     (Tex. Bar No. 24003722)
Bennett Rawicki   (Tex. Bar No. 24083708)
2001 Ross Avenue, Suite 2100
Dallas, TX 75201-2911
Tel:  214.698.3100
MRosenthal@gibsondunn.com
TCox@gibsondunn.com
BRawicki@gibsondunn.com

Marshall R. King (*pro hac vice*)
200 Park Avenue
New York, NY 10166-0193
Tel:  214.351.4000
MKing@gibsondunn.com

*Attorneys for Alvarez & Marsal CRF Management, LLC*

</div>

<div>

HOLLAND & KNIGHT LLP
Brent R. McIlwain  (Tex. Bar No. 24013140)
David C. Schulte    (Tex. Bar No. 24037456)
200 Crescent Court, Suite 1600
Dallas, TX  75201
(214) 964-9500
(214) 964-9501 (facsimile)
brent.mcilwain@hklaw.com
david.schulte@hklaw.com

*Attorneys for Farallon Capital Management, L.L.C.*

</div>

</div>

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Highland Capital Management, L.P. | § | Chapter 11 |
| | § | |
| Debtor. | § | Case No. 19-34054 (SGJ) |
| | § | |
| *In re James Dondero* | § | Adversary No. 21-03051 |
| James Dondero, | § | |
| Petitioner, | § | |
| v. | § | |
| Alvarez & Marsal CRF Management, LLC, and Farallon Capital Management, L.L.C., | § | |
| Respondents. | § | |

**DECLARATION OF BENNETT RAWICKI IN SUPPORT OF
RESPONDENTS' RESPONSE TO DONDERO'S MOTION TO REMAND**

I, Bennett Rawicki, declare as follows:

1. I am attorney with Gibson, Dunn & Crutcher, LLP and represent Respondent Alvarez & Marsal CRF Management, LLC in this action. My work address is 2001 Ross Avenue, Suite 2100, Dallas, Texas 75201. I am over the age of 18 years. I have personal knowledge of the facts stated in this Declaration and, if called as a witness, could and would testify competently to those facts.

2. Included in this Appendix as Exhibit 2 is a true and correct copy of the publicly filed document Opinion on Remand and Deposition, *Cong v. ConocoPhillips Co.*, No. 12-CV-1976, Dkt. 62 (S.D. Tex. Nov. 8, 2016).

3. Included in this Appendix as Exhibit 3 is a true and correct copy of the publicly filed document Order, *In re Enron Corp. Sec., Derivative & ERISA Litig.*, No. 01-cv-3624, Dkt. 1106 (S.D. Tex. Oct. 24, 2002).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 28, 2021        /s/ *Bennett Rawicki*
                                                            Bennett Rawicki

# Exhibit 2

| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|
| Peiqing Cong, et al., | § § § | United States District Court<br>Southern District of Texas<br>**ENTERED**<br>November 08, 2016<br>David J. Bradley, Clerk |
| Plaintiffs, | § § | |
| versus | § § | Civil Action H-12-1976 |
| ConocoPhillips Company, | § § | |
| Defendant. | § § | |

## Opinion on Remand and Deposition

1. *Introduction.*

One hundred sixty-seven fishermen in China want to depose ConocoPhillips Company before suit to investigate potential claims from an oil spill in China. They filed in Texas court; ConocoPhillips Company removed. The fishermen say the petition cannot be removed because it is not a civil action. This case will remain in this national court.

2. *Background.*

In June 2011, oil seeped from the seabed in the Penglai 19-3 oil field in China's Bohai Bay. The oil field is jointly developed by China National Offshore Oil Corporation, an oil company of the People's Republic of China, and ConocoPhillips China, a Liberian company. It is a subsidiary of ConocoPhillips Company. After an investigation, ConocoPhillips China contributed more than $350 million to the State Oceanic Administration of China and the Ministry of Agriculture for the damage.

On July 2, 2012, thirty fishermen from Shandong Province – Cong plaintiffs – sued ConocoPhillips Company in Houston for damage to sea cucumbers and scallops. It pends in this court.

On October 16, 2012, one hundred sixty-seven fishermen from Hebei Province – Li plaintiffs – with the same counsel filed a petition in Texas court to depose executives from ConocoPhillips Company. They argue that the pre-suit deposition is necessary to "investigate a potential claim."

3.  *Timing.*

The Li plaintiffs' motion to remand is too late – they did not file it within thirty days of removal.[1] The court addresses the substantive defects secondarily.

4.  *Civil Action.*

Even if the Li plaintiffs had met the 30-day deadline, their petition would not be remanded. They say that their petition is not a civil action that can be removed because it is not a complaint, but it is merely a discovery tool that might lead to the filing of one. Their petition directly relates to claims they have already asserted before this court and in China.

A removable civil action is (a) a controversy between parties (b) with pleadings (c) seeking relief (d) that requires a judicial determination (e) resulting in an enforceable, appealable order. The term applies to a wide range of activity that may be brought before a court irrespective of how the parties may characterize it at common law, equity, or admiralty.[2] At its essence, a civil action is one person asking a court to do something about another person.[3]

The Li plaintiffs want the court to order ConocoPhillips Company to deliver its executives to be questioned under oath about an incident in China for which the Li plaintiffs claim ConocoPhillips Company is responsible. It is not ancillary to a potential action – one that may never be brought; this is their third lawsuit on the same factual and legal predicate.

The Li plaintiffs admit that (a) they have already sued in China and (b) their petition parallels the Cong plaintiffs' lawsuit pending before this court. They are not confused about the claims, parties, or damages. The same data are available in the Cong lawsuit already filed by these same lawyers. Their petition is hostile and adversarial. It is the opening salvo of the fishermen's third action – the start of a new American lawsuit. It may be removed to federal court.

---

[1] 28 U.S.C. § 1446.

[2] Fed. R. Civ. P. 2 ("One Form of Action: There is one form of action – the civil action."); Fed. R. Civ. P. 3 ("Commencing an action: A civil action is commenced by filing a complaint with the court.").

[3] 14B Charles A. Wright et al., Federal Practice and Procedure § 3721 (4th ed. 2009).

Also illustrating the contrived character of this action as a petition for simple, readily available information, the Li plaintiffs have not met the requirements of Texas Rule 202.[4] No witness is dying, no third-party information is needed to know whom to sue, and no other reasonable use of this petition has been offered.

A pre-suit deposition may not be used to circumvent the Li plaintiffs' responsibility to review the facts they possess and plead properly – a short statement of the cause of action to give notice of the claim.[5] ConocoPhillips Company is entitled to know the charges against it. The Li plaintiffs may not keep their information private and seek extensive discovery from the actual and "potential" defendants through a separate proceeding.[6]

The same attorneys who filed the Cong lawsuit six months before have now expressly represented to the court that they do not have enough information to file an identical suit. They may not depose ConocoPhillips Company.

5. *Jurisdiction.*

The court has jurisdiction over any claim the Li plaintiffs might bring against ConocoPhillips Company. Their petition – which incorporates as an attachment the complaint filed by the Cong plaintiffs – asserts (a) state law claims, and (b) federal claims under the Alien Tort Claims Act.[7]

Common-law claims based on the release of oil in foreign navigable waters – such as a claim for negligence – would be preempted by federal maritime law; federal district courts have original jurisdiction over federal maritime claims.[8] Of course, a common-law claim would need to be a Chinese one, and they do not exist. For this court to address an injury in claims by Chinese fishermen against a Liberian company and a Chinese agency, it would have to arise under the Constitution, laws, or treaties of the United States and would present a federal question.[9]

---

[4] Tex. R. Civ. P. 202.

[5] Tex. R. Civ. P. 47.

[6] Texas Rice Land Co. v. Langham, 193 S.W. 473, 489 (Tex. Civ. App. 1917).

[7] 28 U.S.C. § 1350.

[8] 28 U.S.C. § 1333.

[9] 28 U.S.C. § 1331.

This court also has diversity jurisdiction. The Li plaintiffs say that their damages are the same as the Cong plaintiffs' damages. They claimed:

- economic losses;
- property damages;
- restoration of fish stock and the environment;
- damages to natural resources;
- damages from the loss of use and enjoyment of property;
- loss of quality of life;
- compensation for unjust enrichment;
- punitive and exemplary damages;
- the cost to conduct an environmental assessment; and
- other incidental damages.

Given the extent of the damages sought, the amount in controversy for each of the Li plaintiffs would exceed $75,000. The Li plaintiffs are Chinese; ConocoPhillips Company is a Delaware corporation with a principal place of business in Texas. Complete diversity exists.[10]

6. *Conclusion.*

The Li plaintiffs filed a petition for pre-suit deposition, but they are not confused about an element of their claims. Their petition is disingenuous and manipulative. It is a lawsuit against ConocoPhillips Company calculated to impose costs on the defendant without meeting the preparation and disclosure requirements of a properly pleaded action and attempting to avoid federal court. Remand will be denied. They may not depose ConocoPhillips Company.

Signed on November 8, 2016, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[10] 28 U.S.C. § 1332.

-4-

# Exhibit 3

United States Courts
Southern District of Texas
ENTERED

OCT 24 2002

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re Enron Corporation Securities, Derivative & "ERISA Litigation | § § § § | MDL-1446 |
| MARK NEWBY, ET AL., | § § | |
| Plaintiffs | § § | |
| VS. | § § | CIVIL ACTION NO. H-01-3624 CONSOLIDATED CASES |
| ENRON CORPORATION, ET AL., | § § | |
| Defendants | § | |
| JEFF ADER, MARK BERNSTEIN, AND BRIAN BURNETT, | § § § | |
| Petitioners, | § § | |
| VS. | § § | CIVIL ACTION NO. H-02-3193 |
| J.P. MORGAN CHASE & CO., ET AL. | § § | |
| Respondents. | § | |

## ORDER

Pending before the Court in the above referenced Verified Petition for Pre-Suit Discovery pursuant to Texas Rule of Civil Procedure 202, removed from the 80th Judicial District Court of Harris County, Texas and currently assigned to the Honorable Sim Lake, is Respondent Lehman Brothers, Inc.'s motion to consolidate (instrument #5) this proceeding with *In re Enron Corporation Securities, Derivative & "ERISA" Litigation*, MDL-1446, and *Newby et al. v. Enron Corporation, et al.*, H-01-3624.

Texas Rule of Civil Procedure 202.1 permits a petitioner to seek a state court order permitting it to conduct pre-litigation depositions to investigate potential claims. Rule 202 provides,



App'x 12

> A person may petition the court for an order authorizing the taking of a deposition on oral examination or written questions either:
> (a) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or
> (b) to investigate a potential claim or suit.

The Verified Petition in the instant proceeding states that Petitioners were employed by Enron Corporation through some of Enron's wholly owned subsidiaries, including Enron Broadband Services and Enron Energy Services. It suggests that starting around 1997 Respondents began creating special purpose entities ("SPEs") to do business with Enron and to falsely inflate its profits and hide its debt. Once uncovered, this misconduct ended in Enron's bankruptcy and "Petitioners suffered significant financial loss as a result of Enron's financial disaster." Petitioners seek an order permitting them to conduct pre-suit discovery to investigate potential claims against Respondents J.P. Morgan Chase & Company, CitiGroup, Inc., Credit Suisse First Boston, Canadian Imperial Bank of Commerce, Bank of America Corporation, Merrill Lynch & Company, Barclays PLC, Deutsche Bank A.G., Lehman Brothers Holding, Inc., Arthur Andersen, L.L.P., Andersen Worldwide S.C., Jeff Skilling, Andrew Fastow, Richard Causey, David Duncan, and Debra Cash to "determine what role Respondents played in structuring, financing, auditing, and execution of the complex SPE business transactions so that Petitioners may ascertain whether there exist facts sufficient to warrant litigation against Respondents."

Although the Verified Petition is vague with respect to the precise legal basis for the claims and the standing of Petitioners, there is no question that Respondents are all named as Defendants in Lead Plaintiff's Consolidated Complaint in *Newby* and that the role of the SPEs in the alleged securities fraud constitutes a large part of that suit. Thus it appears that the instant action may overlap with and petitioners may be members of the proposed class(es) in *Newby* or in *Tittle et al. v. Enron Corp. et al.* Moreover, if this proceeding were consolidated into *Newby*, this Court observes it would in essence be currently mooted by the discovery stay imposed by the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)(3)(B).

There is a substantial threshold question, however, regarding the propriety of the removal and of the Court's subject matter jurisdiction over this proceeding. The notice of removal states that the Rule 202 proceeding was removed pursuant to 28 U.S.C. §§ 1331, 1334, 1441, 1446, 1452 and 1651 and 15 U.S.C. §§ 77p(c), 78(u)-4(b)(3)(B) and 78bb(f)(2).

Both Texas and federal district courts have held that a Rule 202 request is an ancillary proceeding, not a separate civil suit, and not appropriate for removal. See, e.g., *Linzy v. Cedar Hill Independent School Dist.*, No. CIV. A. 3:00CV1864-AH. 2001 WL 912649 (N.D. Tex. Aug. 8, 2001)(Sanderson, Magistrate Judge)(concluding that under Texas state law the Rule 202 proceeding in dispute did not constitute a civil action and dismissing claim for malicious prosecution based on it), *aff'd*, 37

- 3 -

App'x 14

Fed. Appx. 90, 2002 WL 1021883 (5th Cir. May 9, 2002)[1]; *Mayfield-George v. Texas Rehabilitation Commission*, 197 F.R.D. 280, 283 (N.D. Tex.)(Rule 202 proceedings are not "civil actions" for purposes of removal because they do not allege a claim or cause of action upon which relief can be granted); *McCrary v. Kansas City Southern Railroad*, 121 F. Supp.2d 566, 569 (E.D. Tex. 2000)("Rule 202 Request is merely a *pre-suit* request for depositions to investigate a potential claim or suit"); *Office Employees Int'l Union v. Southwestern Drug Corp.*, 391 S.W.2d 404, 406 (Tex. 1965); *Texacadian Energy, Inc. v. Lone Star Energy Storage*, 829 S.W.2d 369, 372 (Tex. App.–Corpus Christi 1992, no writ). In opposing the motion to remand, Respondents rely on Judge David Folsom's opinion in *In re Texas*, 110 F. Supp.2d 514, 518 (E.D. Tex. 2000)(holding that a Rule 202 proceeding was a "civil action" for purposes of removal under § 1441), which the Fifth Circuit characterized as "very thorough and well-considered" in *Real Parties in Interest*, 259 F.3d at 391. Nevertheless, in *Real Parties in Interest* the Fifth Circuit reversed Judge Folsom's ruling that he had removal jurisdiction under the All Writs Act and remanded the action to the state court from which it was removed. Furthermore, the Fifth Circuit's affirmance of *Linzy*, on May 9, 2002, came after the issuance of *Real Parties in Interest* on July 23, 2001.

---

[1] The magistrate judge in *Linzy* relied on the two cases cited after *Linzy*, i.e., *Mayfield-George* and *McCrary*.

- 4 -

Furthermore, the Fifth Circuit has held that the All Writs Act, 28 U.S.C. § 1651, does not provide an independent basis for jurisdiction. *Texas v. Real Parties in Interest*, 259 F.3d 387, 392 (5th Cir. 2001), *cert. denied sub nom. Umphrey v. Texas*, 534 U.S. 1115 (2002); *In re McBryde*, 17 F.3d 208, 220 (5th Cir. 1997).

Furthermore because Petitioners seek pre-suit depositions only to determine whether they may have any claims against Respondents prior to consideration of whether to file a civil action, this Court finds that this proceeding is too inchoate, premature, and attenuated to "conceiveably affect" Enron Corporation's bankruptcy and thus provide the court with "related to" jurisdiction, although if it leads to a civil suit that may be "related to" Enron's bankruptcy, the issue may be raised in that action.

Because this Court concludes that it does not have subject matter jurisdiction over this proceeding, it

ORDERS that the motion to consolidate is DENIED.

This suit, however, is not on the undersigned judge's docket and it is authorized only to rule on the motion to consolidate even though the content overlaps with that in the motion to remand. In his order of October 21, 2002, Judge Lake indicated that he would rule on the motion to remand if the undersigned judge denied the motion to consolidate. Thus this action is returned to Judge Lake. Should he conclude that subject

matter jurisdiction exists and the removal is proper, this Court will reconsider the motion to consolidate.

**SIGNED** at Houston, Texas, this 23rd day of October, 2002.

*Melinda Harmon*

MELINDA HARMON
UNITED STATES DISTRICT JUDGE